2013-7022

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

MICHAEL P. EDWARDS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs,

Respondent-Appellee.

---

Appeal from the United States Court of Appeals for Veterans Claims
in Case No. 11-1993
Judge Alan G. Lance, Sr.

---

BRIEF OF RESPONDENT-APPELLEE ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS

STAURT F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

MARTIN F. HOCKEY, JR.
Assistant Director

DAVID J. BARRANS
Deputy Assistant General Counsel

MELISSA M. DAVINE
Trial Attorney

MARTIE ADELMAN
Attorney
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel:  (202) 616-0341
Fax:  (202) 514-8624
Email:  melissa.m.devine@usdoj.gov

July 1, 2013

Attorneys for Respondent-Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF COUNSEL ........................................................... viii

STATEMENT OF THE ISSUES.....................................................................1

SATEMENT OF THE CASE ..........................................................................2

    I.    Nature Of The Case ...............................................................................2

    II.    Statement Of Facts And Course Of Proceedings Below.......................2

SUMMARY OF ARGUMENT .......................................................................6

ARGUMENT ................................................................................................7

    I.    Jurisdiction And Standard Of Review...................................................7

    II.    Notices Of Disagreement ......................................................................9

    III.    This Court Does Not Possess Jurisdiction To Entertain Mr. Edwards's Argument That His October 19, 2007, Letter Constituted, As A Matter Of Fact, An NOD, And That He Responded To VA's Request For Clarification ...................................14

    IV.    The Veterans Court Did Not Misconstrue 38 C.F.R. § 19.26.............16

        A.    The Veterans Court Did Not Hold That 38 C.F.R. § 19.26(b) Allows VA To Require Clarification If There Is A "Perceived Ambiguity".............................................................18

        B.    The Veterans Court Did Not Otherwise Misconstrue 38 C.F.R. § 19.26(b) In Sustaining VA's Request For Clarification ........21

        C.    The Veterans Court Did Not Misconstrue 38 C.F.R. § 19.26(c) Or (d) In Sustaining VA's Determination That Mr. Edwards's December 2007 Letter Did Not "Timely Respond" to The RO's Clarification Request...........................26

i

D.     The Veterans Court Did Not Misconstrue 38 C.F.R.
§ 19.26(c) In Sustaining VA's Rejection Of Mr. Edwards's
October 2007 Filing ...................................................................30

V.     The Veterans Court Did Not Misconstrue 38 C.F.R. § 20.201...........33

CONCLUSION ......................................................................................................42

CERTIFICATE OF COMPLIANCE.....................................................................44

# TABLE OF AUTHORITIES

## Cases

*Andre v. Principi*,
  301 F.3d 1354 (Fed. Cir. 2002) ............................................................................8

*Barrera v. Gober*,
  122 F.3d 1030 (Fed. Cir. 1997) ............................................................ 11-12, 24

*Bastien v. Shinseki*,
  599 F.3d 1301 (Fed. Cir. 2010) ..........................................................................33

*Bonner v. Nicholson*,
  497 F.3d 1323 (Fed. Cir. 2007) ..........................................................................15

*Bowles v. Seminole Rock & Sand Co.*,
  325 U.S. 410 (1945) .................................................................................. 18, 22

*Brooks v. Shinseki*,
  No. 09-2033, 2011 WL 63656 (Vet. App. Jan. 10, 2011)...................................24

*Chevron U.S.A., Inc. v. Natural Res. Def. Council,Inc.*,
  467 U.S. 837 (1984) .................................................................................. 10, 17

*Cole v. Shinseki*,
  309 F. App'x 399 (Fed. Cir. 2009) ......................................................................9

*Collaro v. West*,
  136 F.3d 1304 (Fed. Cir. 1998) .................................................................. 33, 35

*Comer v. Peake*,
  552 F.3d 1362 (Fed. Cir. 2009) .................................................................. passim

*Conway v. Principi*,
  353 F.3d 1369 (Fed. Cir. 2004) ............................................................. 8, 16, 20

*Cushman v. Shinseki*,
  576 F.3d 1290 (Fed. Cir. 2009) ..........................................................................8

*Deshotel v. Nicholson*,
　457 F.3d 1258 (Fed. Cir. 2006) ..............................................................3

*Dusanek v. Hannon*,
　677 F.2d 538 (7th Cir. 1982) ................................................................31

*Edwards v. Shinseki*,
　No. 11-1993 (Vet. App. July 23, 2012) ...................................................2

*Ellington v. Peake*,
　541 F.3d 1364 (Fed. Cir. 2008) ............................................................15

*Gallegos v. Principi*,
　283 F.3d 1309 (Fed. Cir. 2002) ........................................ 10, 10-11, 17

*Gilpin v. West,*
　155 F.3d 1353 (Fed. Cir. 1998) ............................................................10

*Githens v. Shinseki*,
　676 F.3d 1368 (Fed. Cir. 2012) ............................................................19

*Grantham v. Brown*,
　114 F.3d 1156 (Fed. Cir. 1997) ............................................................12

*Guevara Flores v. Immigration & Naturalization Serv.*,
　786 F.2d 1242 (5th Cir. 1986) ..............................................................27

*Helfer v. West*,
　174 F.3d 1332 (Fed. Cir. 1999) ..............................................................9

*Henke v. United States*,
　60 F.3d 795 (Fed. Cir. 1995) ........................................................ 32, 36

*Herndon v. Principi*,
　311 F.3d 1121 (Fed. Cir. 2002) ............................................................11

*In re Estate of Covington*,
　450 F.3d 917 (9th Cir. 2006) ................................................................27

iv

*Kowalski v. Nicholson*,
  19 Vet. App. 171 (2005) ......................................................................23

*Krentz v. Robertson*,
  228 F.3d 897 (8th Cir. 2000) ...............................................................31

*Ledford v. West*,
  136 F.3d 776 (Fed. Cir. 1998) .............................................................11

*Maggitt v. West*,
  202 F.3d 1370 (Fed. Cir. 2000) .................................................... 19, 35

*Maher v. Shinseki*,
  448 F. App'x 65 (Fed. Cir. 2011) .........................................................16

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) .............................................................................41

*McNeil v. United States*,
  508 U.S. 106 (1993) .................................................................... 32, 36

*Moody v. Principi*,
  360 F.3d 1306 (Fed. Cir. 2004) .................................................... 15, 20

*Morrison v. Shinseki*,
  No. 2012-7109, 2013 U.S. App. LEXIS 8484 (Fed. Cir. Apr. 26, 2013) ............15

*Myore v. Nicholson*,
  489 F.3d 1207 (Fed. Cir. 2007) ...........................................................29

*Nat'l Org. for Women v. Social Sec. Admin.*,
  736 F.2d 727 (D.C. Cir. 1984).............................................................32

*Norsk Hydro Can., Inc. v. United States*,
  472 F.3d 1347 (Fed. Cir. 2006) .............................................................9

*Prenzler v. Derwinski*,
  928 F.2d 392 (Fed. Cir. 1991) ...............................................................8

v

*PSC VSMPO-Avisma Corp. v. United States*,
    688 F.3d 751 (Fed. Cir. 2012) ..............................................................................17

*Rivera v. Shinseki*,
    654 F.3d 1377 (Fed. Cir. 2011) ...........................................................................35

*Rivers v. Gober*,
    10 Vet. App. 469 (1997) ............................................................................... 33, 35

*Roberson v. Principi*,
    251 F.3d 1378 (Fed. Cir. 2001) .............................................................................3

*Robinson v. Shinseki*,
    557 F.3d 1355 (Fed. Cir. 2009) ....................................................... 11, 32, 35, 39

*Salmeri v. Shinseki*,
    No. 08-3052, 2010 WL 3532649 (Vet. App. Sept. 13, 2010) .............................24

*Santana v. City of Tulsa*,
    359 F.3d 1241 (10th Cir. 2004) ...........................................................................31

*Schumer v. Lab. Computer Sys., Inc.*,
    308 F.3d 1304 (Fed. Cir. 2002) ...........................................................................29

*Shoffner v. Principi*,
    16 Vet. App. 208 (2002) ......................................................................................23

*Smith v. Brown*,
    35 F.3d 1516 (Fed. Cir. 1994) .............................................................................24

*Szemraj v. Principi*,
    357 F.3d 1370 (Fed. Cir. 2004) ...........................................................................35

*Vazquez-Claudio v. Shinseki*,
    713 F.3d 112 (Fed. Cir. 2013) .............................................................................27

*Vt. Yankee Nuclear Power Corp. v. NRDC*,
    435 U.S. 519 (1978) ...................................................................................... 17, 36

*Wanless v. Shinseki*,
  618 F.3d 1333 (Fed. Cir. 2010) ..............................................................7

## Statutes

38 U.S.C. § 5901 .........................................................................3 n.2

38 U.S.C. § 5904 .........................................................................3 n.2

38 U.S.C. § 7105 ........................................................... 9,  11, 12, 40

38 U.S.C. § 7292 ........................................................... 6, 7, 8, 14

## Regulations

38 C.F.R. § 3.304 ...........................................................................23

38 C.F.R. § 14.629 ......................................................................3 n.2

38 C.F.R. § 19.26 .................................................................... passim

38 C.F.R. § 20.201 .................................................................. passim

41 C.F.R. § 60-40.3 ........................................................................32

41 C.F.R. § 60-60.4 ........................................................................32

## Miscellaneous

*Focusing on People:A Review of VA's Plans for Employee Training,
Accountability, and Workload Management To Improve Disability Claims
Processing Before The H. Comm. On Veterans' Affairs*,
  113th Cong. 2 (2013)............................................................. 39-40

*Appeals Regulations: Rules of Practice*,
  57 Fed. Reg. 4,088 (Dep't Veterans' Affairs Feb. 3, 1992)..................passim

BLACK'S LAW DICTIONARY (9th ed. 2009) ............................................21

WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1990) .....................................21

## STATEMENT OF COUNSEL

Pursuant to Rule 47.5, respondent-appellee's counsel states that she is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title.  Respondent-appellee's counsel is unaware of any case pending in this Court that may directly affect or be affected by this Court's decision in this appeal.

**2013-7022**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

MICHAEL P. EDWARDS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in Case No. 11-1993
Judge Alan G. Lance, Sr.

**BRIEF OF RESPONDENT-APPELLEE ERIC K. SHINSEKI,
<u>SECRETARY OF VETERANS AFFAIRS</u>**

<u>STATEMENT OF THE ISSUES</u>

1.    Whether this Court possesses jurisdiction to entertain Mr. Edwards's

arguments that he filed a valid notice of disagreement (NOD) or that he

adequately responded to the Regional Office's (RO) request for clarification.

2.    Whether the Veterans Court erred in its interpretation of 38 C.F.R. § 19.26.

3.    Whether the Veterans Court erred in its interpretation of 38 C.F.R. § 20.201.

STATEMENT OF THE CASE

I.    Nature Of The Case

Claimant-appellant, Michael P. Edwards, appeals the decision of the United

States Court of Appeals for Veterans Claims (Veterans Court) in *Edwards v.

Shinseki*, No. 11-1993 (Vet. App. July 23, 2012).  The Veterans Court affirmed a

March 4, 2011 Board of Veterans' Appeals (board) decision finding that Mr.

Edwards's failure to respond to the RO's request for clarification rendered his

October 2007 filing not a valid NOD.

II.    Statement Of Facts And Course Of Proceedings Below

Mr. Edwards served on active duty from July 1966 to April 1970, September

1974 to October 1975, and October 1975 to November 1977.  JA1.[1]  In an

October 31, 2006 rating decision, the RO (1) increased the rating for Mr.

Edwards's service-connected post-traumatic stress disorder (PTSD) from 50

percent to 70 percent, effective April 19, 2006, (2) confirmed and continued a

previous denial of entitlement to service connection for gastroenteritis, (3)

confirmed and continued a previous denial of entitlement to service connection for

hearing loss, (4) granted entitlement to a total disability rating based upon

---

[1] "JA__" refers to pages in the joint appendix.

2

individual unemployability (TDIU), effective April 19, 2006, and (5) denied

entitlement to service connection for heart disease.  JA1-2.  On October 19, 2007,

the Department of Veterans' Affairs (VA) received written correspondence from

Mr. Edwards's recognized claims agent[2] labeled as a "Notice of Disagreement,"

which stated:

> the Veteran herewith expresses disagreement with the
> decision dated, October 31, 2006.  The decision is
> erroneous for a number of reasons including but not
> limited to: 1) failure to consider all evidence of record in
> rendering the decision; 2) failure to accurately apply
> relevant regulatory and statutory provisions in rendering
> the decision; (3) failure to comply with established
> adjudicatory provisions of the Veterans Claims
> Assistance Act.  Please issue a Statement of the Case so
> Mr. Edwards may appeal his case directly to the [board]
> in Washington, DC.
>
> If any claim which has been submitted by the veteran, or
> which should have been inferred by the VA under its
> duty to sympathetically develop the veteran's claim per
> *Roberson v. Principi,* 251 F.3d 1378 (Fed. Cir. 2001), is
> 'deemed' to have been denied by the VA pursuant to
> *Deshotel v. Nicholson,* [457 F.3d 1258 (Fed. Cir. 2006)],
> this letter constitutes a Notice of Disagreement with that
> denial.

---

[2] Only an agent or attorney "recognized" by VA may assist an individual in
the preparation, presentation, or prosecution of a claim for veterans benefits.  38
U.S.C. §§ 5901, 5904; 38 C.F.R. § 14.629(b) (describing requirements for
accreditation of agents and attorneys by VA).

JA40-42.  On December 10, 2007, the RO sent Mr. Edwards a letter informing him

that the October 2007 letter "does not indicate the specific determinations with

which you disagree" and therefore "does not qualify as a valid 'notice of

disagreement' for purposes of initiating an appeal."  JA43.  The letter requested

that he complete and return an enclosed VA Form 21–4138, Statement In Support

Of Claim, indicating the issues in the RO decision he wished to appeal, and stated

that Mr. Edwards had 60 days to respond in order to pursue his appeal to the board.

JA2, 43.

On January 11, 2008, Mr. Edwards's claims agent sent the RO a follow-up

letter, stating in relevant part:

> In a letter dated December 10, 2007, your office claims
> that my October 15, 2007, NOD disagreeing with your
> offices' October 31, 2006, rating decision, does not
> qualify as a valid NOD.  Moreover, in your December
> letter your office improperly intimated that in order for
> my October 15, 2007, NOD to be effective I had to have
> disagreed with specific issues.  This conclusion is facially
> flawed.
>
> Because your office calls into question the validity of my
> December 2007 NOD, as evinced by your offices' failure
> to issue [a statement of the case], I am, therefore,
> disagreeing with your December 2007 correspondence
> disqualifying my NOD.

JA45.  The RO issued a statement of the case in February 2009, finding that the October 2007 NOD was inadequate.  JA3, 48, 54-55.

The board issued a decision on March 4, 2011, finding that the October 17, 2007, written communication was not a valid NOD under 38 C.F.R. § 20.201, because it did not specify the issues with which Mr. Edwards disagreed.  JA1.  The board noted that Mr. Edwards was asked to identify the issue or issues decided with which he disagreed, and that his "representative perplexingly chose to instead dispute the determination that clarification was needed."  JA4, 58, 63.

On July 23, 2012, the Veterans Court issued a memorandum decision affirming the board's decision.  JA1, 5.  The Veterans Court noted that Mr. Edwards cited no authority for the proposition that the RO was prohibited from asking him to identify the issue or issues with which he disagreed, and that it was not unreasonable for the RO to seek clarification, particularly given the fact that the RO had decided two claims in his favor.  JA4.  The Veterans Court further found that the RO's letter complied with 38 C.F.R. § 19.26, and that the December 2007 response of Mr. Edwards's representative indicated that he understood the RO's need for identification of the issues with which Mr. Edwards disagreed.  JA4.

The Veterans Court held that the board did not err in finding that the October 2007 letter was not a valid NOD. JA4.

In an October 9, 2012 order, the Veterans Court denied Mr. Edwards's motion for reconsideration, granted his motion for panel decision, and ordered that the single-judge decision remains the decision of the court. JA19-20.

On November 1, 2012, the Veterans Court entered judgment, and on November 15, 2012, Mr. Edwards filed a notice of appeal to this Court. JA21-22.

## SUMMARY OF ARGUMENT

This Court should dismiss Mr. Edwards's appeal or, in the alternative affirm the judgment of the Veterans Court.

As an initial matter, Mr. Edwards argues that his October 2007 letter constituted a valid NOD pursuant to 38 C.F.R. § 20.201, and that his January 2008 letter constituted a sufficient response to the RO's request for clarification pursuant to 38 C.F.R. § 19.26. This Court, however, does not possess jurisdiction to entertain the Veterans Court's application of the regulations to Mr. Edwards's two filings. *See* 38 U.S.C. § 7292(d)(2).

Further, the Veterans Court did not misconstrue 38 C.F.R. § 19.26. Contrary to Mr. Edwards's assertions, which are made in an effort to evade section 7292's

6

jurisdictional limitations, the Veterans Court did not hold that the RO may request clarification every time it determines that there is a "perceived ambiguity" in an NOD.  Rather, the Veterans Court held it was proper for the RO to seek clarification in this case.  In any event, by its plain language, section 19.26 allows the RO to seek clarification where appropriate.

Finally, the Veterans Court did not misconstrue 38 C.F.R. § 20.201. Pursuant to statute, regulation, and Court precedent, VA has a duty to liberally construe veterans' filings.  This Court, however, has never held that a veteran need not comply with the section 20.201 specificity requirement to identify the particular RO determinations with which he or she disagrees.

For these reasons, the judgment of the Veterans Court should be sustained.

ARGUMENT

I.    Jurisdiction And Standard Of Review

This Court has limited jurisdiction to review decisions by the Veterans Court. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  Under section 7292, this Court may review a Veterans Court decision with respect to the validity of the decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the

7

decision. 38 U.S.C. § 7292(a). This Court must affirm the Veterans Court's

decision as to an interpretation of a regulation unless it is "(A) arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; (B)

contrary to constitutional right, power, privilege, or immunity; (C) in excess of

statutory jurisdiction, authority, or limitations, or in violation of a statutory right;

or (D) without observance of procedure required by law." *Id.* at § 7292(d)(1).

Except with respect to constitutional issues, this Court "may not review (A) a

challenge to a factual determination, or (B) a challenge to a law or regulation as

applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

This Court has consistently applied section 7292 to bar the fact-based appeal

of a decision of the Veterans Court. *See, e.g., Conway v. Principi*, 353 F.3d 1369,

1372 (Fed. Cir. 2004) (recognizing that this Court reviews only questions of law

and cannot review any application of law to fact); *see also Andre v. Principi*, 301

F.3d 1354, 1363 (Fed. Cir. 2002). This Court reviews legal determinations of the

Veterans Court *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir.

2009) (citing *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991)).

This Court is not bound by Mr. Edwards's characterization and must

determine independently the "true nature" of the claims for the purpose of

8

determining this Court's jurisdiction.  *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *see also Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999); *Cole v. Shinseki*, 309 F. App'x 399, 402 (Fed. Cir. 2009).

II.    Notices Of Disagreement

Pursuant to statute, a veteran's appeal to the board of an RO decision is initiated  when the veteran files an NOD in writing with the RO within one year of the date of mailing of notice of the RO decision.  38 U.S.C. § 7105(a), (b)(1), (b)(2), (d)(1).  If a veteran does not file an NOD within the one-year time period, the RO decision becomes final.  *Id.* § 7105(c).  Subsequently, "[i]f such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement, [VA] shall prepare a statement of the case."  *Id.* § 7105(d)(1).  The VA statement of the case anticipates that an NOD will specify the issues in the RO decision with which the veteran disagrees; the statement of the case must include "[a] summary of the evidence in the case pertinent *to the issue or issues with which disagreement has been expressed*" as well as a description of "*[t]he decision on each issue* and a summary of the reasons for such decision."  *Id.* § 7105(d)(1)(A), (C) (emphasis added).

The term "notice of disagreement" is not defined by statute. *Gallegos v.*

*Principi*, 283 F.3d 1309, 1313 (Fed. Cir. 2002). Thus, this Court has afforded VA

*Chevron* deference to VA's regulations that define and address the sufficiency of a

valid NOD. *See id.* at 1312, 1314 (citing *Chevron U.S.A., Inc. v. Natural Res. Def.*

*Council*, 467 U.S. 837 (1984); *Gilpin v. West*, 155 F.3d 1353, 1356 n.2 (Fed. Cir.

1998)).

VA promulgated 38 C.F.R. § 20.201, which defines an NOD. Section

20.201 states that:

> A written communication from a claimant or his or her
> representative expressing dissatisfaction or disagreement
> with an adjudicative determination by the [RO] and a
> desire to contest the result will constitute a Notice of
> Disagreement. While special wording is not required, the
> Notice of Disagreement must be in terms which can be
> reasonably construed as disagreement with that
> determination and a desire for appellate review. If the
> [RO] gave notice that adjudicative determinations were
> made on several issues at the same time, the specific
> determinations with which the claimant disagrees must
> be identified. For example, if service connection was
> denied for two disabilities and the claimant wishes to
> appeal the denial of service connection with respect to
> only one of the disabilities, the Notice of Disagreement
> must make that clear.

Section 20.201, therefore, provides for requirements for a valid NOD

consistent with, but more precise than those contained in the statute. *See Gallegos,*

283 F.3d at 1313 ("The statute also does not suggest that its specifications for an NOD . . . are the only requirements for a valid NOD."), 1314 ("Section 7105 does not preclude other requirements for an NOD.").  In particular, pursuant to the regulation, an NOD:  (1) must be in writing; (2) must "express [ ] dissatisfaction or disagreement with an adjudicative determination" by the RO; (3) must "be in terms which can be reasonably construed as disagreement with [the adjudicative] determination and a desire for appellate review[;]" ***and*** (4) must, "[i]f [the RO] gave notice that adjudicative determinations were made on several issues at the same time, *[identify] the specific determinations* with which the claimant disagrees[.]"  38 C.F.R. § 20.201 (emphasis added).  An RO may make adjudicative determinations on several issues at the same time – thus triggering the veteran's responsibility to identify "specific determinations" with which the veteran disagrees – when, "[f]or example," the RO denies service connection for more than one disability.  *Id.*; *see also Robinson v. Shinseki*, 557 F.3d 1355, 1359 (Fed. Cir. 2009).  Thus, veterans have the responsibility when submitting an NOD to specify the claims for which they seek board review.  *See Herndon v. Principi*, 311 F.3d 1121, 1123 (Fed. Cir. 2002) (citing 38 C.F.R. § 20.201 (2001)); *Ledford v. West*, 136 F.3d 776, 780 (Fed. Cir. 1998); *cf. Barrera v. Gober*, 122 F.3d 1030,

1032 (Fed. Cir. 1997) (holding that, for the Veterans Court to have jurisdiction to review an issue upon appeal from VA, the issue must be specified in the NOD) (citing *Grantham v. Brown*, 114 F.3d 1156 (Fed. Cir. 1997)).  VA promulgated this regulation because it determined that "it is vital that the [board] be able to tell which issues have been appealed when several determinations have been made which are appealable."  *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. 4,088, 4,093 (Dep't Veterans Affairs Feb. 3, 1992) (final regulations).

Upon receipt of an NOD, VA must "take such development or review action as it deems proper under the provisions of regulations not inconsistent with [title 38]." 38 U.S.C. § 7105(d)(1).  Pursuant to VA regulation, the RO[3] "must reexamine the claim and determine whether additional review or development is warranted."  38 C.F.R. § 19.26(a).

During this process, the RO may request more information from the veteran; "[i]f within one year after mailing an adverse decision . . . , the [RO] receives a written communication expressing dissatisfaction or disagreement with the adverse decision, but the [RO] cannot clearly identify that communication as expressing an

---

[3] The statute and regulation reference the "agency of original jurisdiction." In this case, this entity is the RO.

intent to appeal, *or the [RO] cannot identify which denied claim(s) the claimant wants to appeal*, then the [RO] will contact the claimant to request clarification of the claimant's intent." *Id*. § 19.26(b) (emphasis added). Sections 20.201 and 19.26(b) are designed to work in tandem. *See Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093. As VA explained when promulgating section 20.201:

> It is not VA's intent to deprive anyone of his or her right to appeal. As one commenter pointed out, a Department of Veterans Benefits operational manual (M21-1, paragraph 18.03b) requires that clarification sufficient to identify the issue being appealed be requested when a Notice of Disagreement is received following a multiple-issue determination and it is not clear which issue, or issues, the claimant desires to appeal. VA strongly supports this policy and, in view of the concerns raised here, has made it applicable throughout VA by adding this requirement to § 19.26 "Action by agency of original jurisdiction on Notice of Disagreement."

*Id.* In essence, section 20.201 provides requirements for a valid NOD in the case of multiple-issue determinations, and, to allow a veteran ample opportunity to comply with these requirements; VA added section 19.26(b) to mandate that VA obtain clarification.

A veteran must respond to such a request within 60 days following the RO's clarification request or one year after the date of the mailing of the notice of the

13

RO's determination, whichever is later.  38 C.F.R. § 19.26(c)(1)(i)-(ii).  If the

veteran does not timely respond to the RO's request, "the previous communication

from the claimant will not be considered an NOD as to any claim for which

clarification was requested" and the RO "will not consider the claimant to have

appealed the decision(s) on any claim(s) as to which clarification was requested

and not received."  *Id.* § 19.26(c)(2).  But if VA does obtain clarification from the

veteran as to the particular claim, the RO must "reexamine the claim and determine

whether additional review or development is warranted[,]" and, if not, must

prepare a statement of the case.  *Id.* § 19.26(d).

III.    This Court Does Not Possess Jurisdiction To Entertain Mr. Edwards's
        Argument That His October 19, 2007, Letter Constituted, As A Matter Of
        Fact, An NOD, And That He Responded To VA's Request For Clarification

        At various points in his brief, despite his framing of his appeal as challenges

to the Veterans Court's "legal" interpretation of various VA regulations, Mr.

Edwards encourages this Court to review the Veterans Court's application of the

regulations to the facts of his case, which is unreviewable in this Court under 38

U.S.C. § 7292(d)(2).

        Mr. Edwards argues that his October 19, 2007 letter constituted a valid

NOD, and that his January 11, 2008 letter sufficiently responded to VA's request

for clarification. *See, e.g.,* Applnt. Br. at 5-6 (arguing that, given the wording of the NOD, VA should have known which denied claims Mr. Edwards wanted to appeal), 9 (arguing that VA received clarification in his "response" to VA's request for clarification), 10 (arguing that VA should have construed Mr. Edwards's October filing as an NOD), 12-13 (arguing that, given the wording of the NOD, VA should have known which denied claims Mr. Edwards wanted to appeal).

As this Court has repeatedly held, however, "[w]hether a veteran has raised a particular claim is a factual determination, outside the purview of [the Court's] appellate authority." *Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) (citing *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007); *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004)); *see also Ellington v. Peake*, 541 F.3d 1364, 1372 (Fed. Cir. 2008). Accordingly, whether Mr. Edwards raised certain claims either in his October 2007 or January 2008 letters involve the application of law to fact.

In particular, though not in precedential opinions, this Court has refused to entertain arguments that certain filings constitute NODs, because these arguments involve the application of law to fact. *See, e.g.*, *Morrison v. Shinseki*, No. 2012-7109, 2013 U.S. App. LEXIS 8484, at *9 (Fed. Cir. Apr. 26, 2013) (citing

*Conway*, 353 F.3d at 1372); *Maher v. Shinseki*, 448 F. App'x 65, 67 (Fed. Cir. 2011). This makes sense particularly in this case, when Mr. Edwards argued before the Veterans Court that he challenged the RO's decisions as to all five claims whereas, in this appeal, Mr. Edwards argues that he challenges the RO's decisions only as to three of his claims. *Compare* JA71 (stating that "Mr. Edwards disagreed with the <u>entire</u> October 2006 rating decision") (emphasis in original), JA73 (stating that "Mr. Edwards had no intention of accepting *any part* of the 2006 rating decision and made that clear in his NOD.") (emphasis in original), *with* Applnt. Br. at 5-6 (indicating that Mr. Edwards's NOD was challenging the RO's decision insofar as it denied three of Mr. Edwards's claims), 10 (same).

Thus, this Court does not possess jurisdiction to entertain Mr. Edwards's arguments that his October 2007 letter sufficed to appeal the RO's three denied claims or that his January 2008 letter complied with 38 C.F.R. § 19.26(c).

IV.    <u>The Veterans Court Did Not Misconstrue 38 C.F.R. § 19.26</u>

We understand the crux of Mr. Edwards's appeal to involve, not the VA requirements for an NOD, but rather, the ability of VA pursuant to 38 C.F.R.

§ 19.26(b) to require Mr. Edwards to clarify his October 2007 letter and, pursuant to 38 C.F.R. § 19.26(c), the consequences of his failure to do so.

Agencies like VA have the discretion to set their own rules of procedure for administrative proceedings. *See Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543-44 (1978) ("[a]bsent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.") (internal quotation and citations omitted); *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 760 (Fed. Cir. 2012). As this Court has held, "courts must not improperly intrude upon an agency's power to implement and enforce proper procedures for constructing an agency record." *PSC VSMPO-Avisma Corp*., 688 F.3d at 761.

Relevant to this appeal, VA has set procedures for the submission of NODs, and clarification thereof, pursuant to 38 C.F.R. §§ 19.26 and 20.201, of which this Court has approved under *Chevron, see Gallegos*, 283 F.3d at 1313, and the interpretation of which is within the sole purview of VA so long as that interpretation is not "plainly erroneous or inconsistent with the regulation."

17

*Bowles v. Seminole Rock & Sand Co*., 325 U.S. 410, 414 (1945).  To have his or her case proceed, a veteran must comply with these procedures.

Here, Mr. Edwards affirmatively and "perplexingly" outright refused to comply with VA procedures and to respond to a VA request for clarification issued pursuant to 38 C.F.R. § 19.26(b).  JA4, 63.  He did so even though his response would amount to simply listing which out of the five claims upon which the RO made a determination he was appealing.  Mr. Edwards now seeks to evade the consequences of his inexplicable failure to respond, that is, VA's refusal to consider Mr. Edwards's October 2007 letter an NOD and to consider timely appealed any part of the RO's October 2006 decision.

His arguments should be rejected.

A.    The Veterans Court Did Not Hold That 38 C.F.R. § 19.26(b) Allows VA To Require Clarification If There Is A "Perceived Ambiguity"

Mr. Edwards contends that the Veterans Court misinterpreted 38 C.F.R. § 19.26(b) by stating that "'[t]he Board noted that [he] was specifically informed of a perceived ambiguity in his October 2007 statement.'"  Applnt. Br. at 6 (quoting JA4).  Mr. Edwards argues that 38 C.F.R. § 19.26(b) does not permit the RO to seek clarification upon this basis.  But the Veterans Court never construed section 19.26(b) to allow for clarification for any "perceived ambiguity" in a

18

veteran's filing.  This Court may only reach issues "upon which the Veterans Court relied in making its decision[,]" and, therefore, this Court does not possess jurisdiction to entertain Mr. Edwards's appeal in this respect.  *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000).  Mr. Edwards cannot challenge a regulatory interpretation that the Veterans Court simply did not make.  *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012) ("We have no jurisdiction over an issue of interpretation that does not exist").

Contrary to Mr. Edwards's assertions, the Veterans Court applied the specific standard set forth in 38 C.F.R. § 19.26(b).  The board found that, in the December 2007 letter, the RO informed Mr. Edwards and his representative that the October 2007 letter from Mr. Edwards's claims agent "did not indicate the specific determination with which the Veteran disagreed and did not qualify as a valid [NOD]" and that he or his representative had 60 days to respond with clarification as to which issues he disagrees.  JA60, 62.  Upon appeal, the Veterans Court characterized the board's statement as a finding that Mr. Edwards "was specifically informed of a perceived ambiguity in his October 2007 statement." JA4.  After making this observation, however, the Veterans Court applied 38 C.F.R. §§ 19.26 and 20.201 to the facts of Mr. Edwards's case, and found that the

board did not err in finding the RO properly requested clarification because Mr. Edwards's October 2007 letter did not specify "which denied claim(s) [he] wanted to appeal."  JA3-4.

Mr. Edwards has not shown, and cannot show, that the Veterans Court's findings in his case reflect an interpretation that, under 38 C.F.R. § 19.26(b), VA may seek clarification of a communication upon a basis other than that specified in the regulation.  All that remains is his challenge to the Veterans Court's finding that the RO's letter complied with that regulation.  This challenge involves the application of law to fact.  *Cf. Conway*, 353 F.3d at 1373 (assessing VA compliance with the notice provisions of the VCAA in a particular case is a review of the application of law to fact and is therefore outside of this Court's jurisdiction); *see also Moody*, 360 F.3d at 1310.

Assuming, for the sake of argument, that this Court entertains Mr. Edwards's challenge to the Veterans Court's interpretation of section 19.26(b), his contentions are without merit.  The Veterans Court's characterization of the board's determination, as finding that the RO requested clarification for a "perceived ambiguity" in Mr. Edwards's October 2007 statement, does not conflict with the terms of 38 C.F.R. § 19.26(b).  Again, section 19.26(b) requires the RO to

seek clarification if "the [RO] cannot identify which denied claim(s) the claimant

wants to appeal." The word "perceive" means to become aware of or understand.

WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 872 (1990). The word

"ambiguity" means "an uncertainty of meaning or intention." BLACK'S LAW

DICTIONARY 93 (9th ed. 2009). Because the board found that, after receipt of the

October 2007 letter, the RO notified Mr. Edwards of its uncertainty as to which of

the RO's determinations Mr. Edwards intended to administratively appeal, the

Veterans Court's characterization of the board's finding regarding the nature of

VA's notice does not constitute a misinterpretation of 38 C.F.R. § 19.26(b).

> **B.    The Veterans Court Did Not Otherwise Misconstrue 38 C.F.R.
> § 19.26(b) In Sustaining VA's Request For Clarification**

Next, Mr. Edwards argues that the RO did not have the authority to request

clarification, and that the Veterans Court misconstrued section 19.26(b) in finding

otherwise. His arguments are meritless.

First, Mr. Edwards challenges the Veterans Court's determination insofar as

it upheld the RO's request for Mr. Edwards to "indicate the specific

*determinations*" with which he disagreed. Applnt. Br. at 6 (quoting JA43)

(emphasis added). He argues that the RO's instruction is inconsistent with section

19.26(b), which allows for a clarification request only if the RO "cannot identify

which denied *claim(s)* the claimant wants to appeal[.]"  (emphasis added).

But Mr. Edwards does not explain any significant difference between

"determinations" and "claims."  Further, VA's interpretation of the regulations to

equate "determinations" with "claims" is not clearly erroneous or inconsistent with

the statute.  *See Bowles*, 325 U.S. at 414.  The RO clarification request's language

mimics the language of 38 C.F.R. § 20.201 ("If the [RO] gave notice that

adjudicative determinations were made on several issues at the same time, the

specific *determinations* with which the claimant disagrees must be identified.")

(emphasis added).  As we have explained, although sections 19.26(b) and 20.201

use different nomenclature, they are designed to work in tandem.  *See Appeals*

*Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093.  Section 20.201 provides

requirements for a valid NOD in the case of multiple-issue determinations, and, to

allow a veteran ample opportunity to comply with these requirements, VA added

section 19.26(b) to mandate that VA obtain clarification.  There is, therefore, no

demonstrable difference between "claims" and "determinations" as used in the

regulations and in the RO clarification letter.

Second, Mr. Edwards makes the sweeping statement that "the plain language of 19.26 limits the VA's ability to seek clarification unless the VA has a reasonable basis for asserting that they were unclear about whether a veteran wanted to appeal or what issues the veteran wanted to appeal." Applnt. Br. at 4. Mr. Edwards argues that, accordingly, the RO erred in requesting clarification, because the RO did not in fact need clarification. He avers that despite the NOD's failure to list the specific determinations with which Mr. Edwards disagreed, as required under 38 C.F.R. § 20.201, the NOD nonetheless was clear upon its face, and the RO was on notice that Mr. Edwards was appealing all denied claims. *See* Applnt. Br. at 4, 5-6 ("The [RO] could not possibly been unable to identify the denied claims that Mr. Edwards wanted to appeal[ ]"). Should this Court entertain this argument – which, as have explained, would be inappropriate because it involves the application of law to fact – Mr. Edwards must demonstrate that the RO's seeking of clarification was arbitrary or capricious. *Cf. Shoffner v. Principi*, 16 Vet. App. 208, 213 (2002) (holding that, in the context of 38 C.F.R. § 3.304(c), evidentiary development will be undertaken when it is necessary to decide a claim, and VA has discretion in deciding when additional development is necessary); *Kowalski v. Nicholson*, 19 Vet. App. 171, 177-78 (2005). This he cannot do.

23

Mr. Edwards once again reads section 19.26(b) out of context. The meaning of a regulation can be gleaned only by "full reference to the context of the whole." *Smith v. Brown,* 35 F.3d 1516, 1523 (Fed. Cir. 1994). As explained above, VA promulgated 38 C.F.R. §§ 19.26(b) and 20.201simultaneously. *See Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093. The two regulations complement one another. An NOD must express an intent to appeal specific determinations in a RO decision, and VA must request clarification if a veteran's attempted NOD does not appear to satisfy this requirement. The regulations do *not* instruct that an RO cannot seek clarification if it could somehow predict the veteran's intent to appeal outside the context of section 20.201.

Indeed, it would be entirely inappropriate for the RO, absent clarification from the veteran, to itself circumscribe the extent of the veteran's appeal. A veteran may decide to abandon a particular claim upon appeal. *E.g., Brooks v. Shinseki*, No. 09-2033, 2011 WL 63656, at *1 (Vet. App. Jan. 10, 2011); *Salmeri v. Shinseki*, No. 08-3052, 2010 WL 3532649, at *1 n.1 (Vet. App. Sept. 13, 2010).

Or, given that a compensation claim contains five necessary elements, *Barrera*, 122 F.3d at 1037, a veteran may choose to appeal to the board an unfavorable RO finding that is an element of a claim that was granted. For

example, an RO may decide that a disability is service connected, but a claimant may disagree with the disability rating or the effective date assigned by the RO.  In fact, in the instant case, the RO granted an increased rating for PTSD and a TDIU rating, effective April 19, 2006, and Mr. Edwards argued before the Veterans Court that he "disagreed with the <u>entire</u> October 2006 rating decision" and that he "had no intention on accepting *any part* of the 2006 rating decision and made that clear in his NOD."  JA71, 73 (emphases in original).  By asserting to the Veterans Court that he clearly intended to appeal all five claims decided by the RO, and, thereafter, asserting to this Court that he clearly intended to appeal only the three issues as to which the RO denied benefits in full, Mr. Edwards illustrates the very problem that occurs when VA cannot effectively request clarification.

Furthermore, reading section 19.26(b) in the manner that Mr. Edwards advocates could operate to deprive the veteran of adequate time to prepare his appeal.  As VA stated when promulgating section 20.201, "it would not be fair for the [board] to assume jurisdiction over an issue before a claimant, who may still have months remaining before the time to appeal lapses, has completed his or her preparation and is ready to initiate an appeal as to that issue."  *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093.

At bottom, Mr. Edwards's unfounded factual assertion that VA in this case could readily intuit the claims he wished to appeal does not show that the Veterans Court misinterpreted 38 C.F.R. § 19.26(b).  The RO made decisions as to five claims, denying three of them, and in granting two, opened the door for challenges to the downstream issues of the appropriate rating and effective date.  JA34-35.  Mr. Edwards's October 2007 letter did not list which out of any of the claims he took issue with, and it was well within the RO's discretion to request that Mr. Edwards simply clarify his challenge.

C.   The Veterans Court Did Not Misconstrue 38 C.F.R. § 19.26(c) Or (d) In Sustaining VA's Determination That Mr. Edwards's December 2007 Letter Did Not "Timely Respond" To The RO's Clarification Request

Mr. Edwards then suggests that he *did,* in fact, "respond" to the RO's clarification request sufficient to satisfy 19.26(c).  Mr. Edwards contends that his January 11, 2008 letter responding to the RO's letter complied with 38 C.F.R. § 19.26(c), because the regulation requires only that a claimant provide a "timely response."  Applnt. Br. at 8.  Because he filed his January 2008 letter within 60 days of the RO's request for clarification, Mr. Edwards maintains that the last sentence of 38 C.F.R. § 19.26(c)(2), which states that the RO "will not consider the claimant to have appealed the decision(s) on any claim(s) as to which clarification

was requested and not received," is not applicable.  Applnt. Br. at 7-8.  Mr.

Edwards also argues that VA was therefore required pursuant to 38 C.F.R.

§ 19.26(d) to reexamine his claims and decide whether additional review or

development was warranted and then prepare a statement of the case.  Applnt. Br.

at 9.  Mr. Edwards's arguments are without merit.

As an initial matter, as we explained above, whether Mr. Edwards's filing

responded to the RO's concerns is a factual matter beyond this Court's jurisdiction

to review.  *See Comer*, 552 F.3d at 1372.

In any event, Mr. Edwards cannot demonstrate that the RO's decision that he

failed to respond was erroneous.   In interpreting a regulation, a court must look to

the provisions of the whole regulation, its object and policy.  *See In re Estate of

Covington*, 450 F.3d 917, 921 (9th Cir. 2006).  Effect must be given, if possible, to

every word and clause of a regulation, and specific language within a regulation

must be viewed "in the context of the entire regulation as well as other related

regulatory sections."  *Vazquez-Claudio v. Shinseki*, 713 F.3d 112, 115 (Fed. Cir.

2013); *Guevara Flores v. Immigration & Naturalization Serv.*, 786 F.2d 1242,

1250 (5th Cir. 1986).  Mr. Edwards's interpretation is nonsensical, as it would read

paragraph (b) out of 38 C.F.R. § 19.26 and would not give effect to every word in 38 C.F.R. § 19.26(c).

The purpose of 38 C.F.R. § 19.26(b) is to "require[ ]" VA to request clarification from a claimant regarding whether the claimant intends to appeal and the "denied claim(s) the claimant wants to appeal." *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093. Under 38 C.F.R. § 19.26(c), a claimant must file a timely response "to the [RO's] request for clarification" and the "request for clarification" to which paragraph (c) necessarily refers is identified in paragraph (b). In addition, the reference to "clarification [that] was requested" in the last sentence in paragraph (c) necessarily refers back to the clarification identified in paragraph (b). Even if there were any ambiguity in section 19.26, which there is not, the broader regulatory context makes clear that an otherwise timely response to a request for clarification under section 19.26(b) could not establish a valid NOD unless it satisfied the requirements in 38 C.F.R. § 20.201. Mr. Edwards did not provide the clarification requested by the RO pursuant to section 19.26(b) in the January 11, 2008 letter, and, therefore, he did not "respond" to the RO's request.

Mr. Edwards also argues that VA erred in preparing a statement of the case addressing only the adequacy of the NOD, because "VA received from Mr. Edwards clarification of his intent to file [an NOD] with the VA's October 30, 2006 adverse action."  Applnt. Br. at 9.  That is, Mr. Edwards argues that he met the requirement pursuant to 19 C.F.R. § 19.26(b) that he express "an intent to appeal."  Again, this argument implicates the application of law to fact.  Moreover, section 19.26(b) provides alternative bases upon which VA may seek clarification, *i.e.*, the veteran's intent to appeal "or" the denied claims the claimant wishes to appeal.  *See Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) (word "or" signifies alternatives); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1311 (Fed. Cir. 2002).  The RO sought clarification as to which of the denied claims Mr. Edwards wanted to appeal; his claims agent responded by challenging only the RO's clarification request.  JA45-46.  Indeed, Mr. Edwards's request for a statement of the case referenced only the RO's December 2007 letter.  *Id.*  Because Mr. Edwards's representative did not provide the clarification specifically requested, the RO, board, and Veterans Court properly found that he did not appeal the 2006 RO decision.  38 C.F.R. § 19.26(c).  As a result, the statement of the case properly addressed only the validity of the NOD.

D.    The Veterans Court Did Not Misconstrue 38 C.F.R. § 19.26(c) In
Sustaining VA's Rejection Of Mr. Edwards's October 2007 Filing

Next, Mr. Edwards argues that the Veterans Court misconstrued section

19.26(c) insofar as it sustained VA's rejection of his October 2007 letter.  But the

Veterans Court did not err in determining that VA properly applied its rules of

procedure.  The RO properly did "not consider [Mr. Edwards] to have appealed the

decision(s) on [the] claim(s) to which clarification was requested and not

received," as provided in 38 C.F.R. § 19.26(c)(2).

Mr. Edwards argues that VA's rejection of his NOD pursuant to 38 C.F.R.

§ 19.26(c)(2) runs afoul of the purpose behind 38 C.F.R. §§ 19.26(b) and 20.201.

That is, he argues that VA's ability to seek clarification is a means to ensure that a

claimant is not deprived of the right to appeal, and this right is not eliminated

"simply because he does not list the claims the VA knows it denied."  Applnt. Br.

at 14.  While VA may certainly be aware of the claims that the RO denied, VA is

unaware of which "specific determinations with which the claimant disagrees"

until the veteran identifies those determinations to VA, particularly in a case such

as Mr. Edwards's, in which he disagreed with the entire RO decision, including

favorable decisions on his PTSD and TDIU claims.  38 C.F.R. § 20.201; JA71, 73.

In such a situation, VA's regulation "requires that clarification sufficient to

30

identify the issue being appealed be requested[.]" *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093; *see also* 38 C.F.R. § 19.26(b). And once the veteran simply clarifies its appeal by simply listing the challenged determinations, a veteran's right to appeal is preserved.

More fundamentally, requesting further clarification from a veteran does not jeopardize the veteran's right to appeal in any way. Pursuant to regulation, Mr. Edwards was given notice of the insufficiency of his proposed NOD, and he was given ample opportunity to revise his NOD accordingly. The consequences, pursuant to 38 C.F.R. § 19.26(c)(2), flowing from Mr. Edwards's affirmative refusal to participate in VA's clarification process, therefore, did not deprive Mr. Edwards of any rights. *See Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring established procedures."); *Dusanek v. Hannon*, 677 F.2d 538, 542-43 (7th Cir. 1982) ("The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure.") (citation omitted); *Krentz v. Robertson*, 228 F.3d 897, 904 (8th Cir. 2000) (holding that an employee waives procedural due process claim by refusing to participate in post-termination

proceedings); *cf. also Nat'l Org. for Women v. Social Sec. Admin.*, 736 F.2d 727, 745-46 (D.C. Cir. 1984) (Mikva and McGowan, JJ, concurring) (holding that agency procedures adequate under 41 C.F.R. §§ 60-40.3(a), 60-60.4(d) (1983), because "the submitter is informed that his materials may be disclosed if he makes no claim of exemption. He is told to whom to claim exemption, he is allowed to submit any materials he wishes to support that claim, and he is allowed to appeal the initial decision, again with extensive documentation and written argument[,]" because "[t]hese procedures were followed in this case, and they provide notice and the opportunity to present relevant evidence at a relevant time to responsible agency officials.") (citation omitted).

That Mr. Edwards was represented by his claims agent does not excuse Mr. Edwards's failure to comply with regulations and VA procedures. Veterans – like *pro se* appellants – are given wide latitude, and their filings must be read liberally. *Robinson*, 557 F.3d at 1358-59 (citation omitted). Also like *pro se* appellants, however, veterans must still follow procedures to have their cases proceed. *Cf. McNeil v. United States*, 508 U.S. 106, 113 (1993); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Here, VA gave Mr. Edwards the opportunity to correct or supplement his NOD to comply with requirements, *i.e.*, to list the specific

determinations with which he disagreed.  *Cf. Bastien v. Shinseki*, 599 F.3d 1301,

1307 (Fed. Cir. 2010) (finding no violation of Veterans Court's application of its

rules, and no prejudice to appellant, when appellant was given the opportunity to,

and did, file a corrected brief).  He chose to purposefully ignore the RO's request.

He cannot now complain to this Court that VA acted unfairly or unreasonably,

when it was Mr. Edwards who prevented the RO from developing his claims for

board review.

V.    The Veterans Court Did Not Misconstrue 38 C.F.R. § 20.201

Mr. Edwards additionally argues that the Veterans Court interpreted section

20.201 in an "overly restrictive" manner.  Applnt. Br. at 10.  According to Mr.

Edwards, pursuant to VA regulation and precedent from this Court, the Veterans

Court was required to construe 38 C.F.R. § 20.201 such that "when a veteran does

not identify any specific claims, the VA must assume that he wishes to appeal all

the denied claims."  *Id.* at 12 (citing *Collaro v. West*, 136 F.3d 1304, 1309-10 (Fed.

Cir. 1998); *Rivers v. Gober*, 10 Vet. App. 469 (1997)).   He argues that this

interpretation is consistent with VA's non-adversarial adjudication process and

obligation to liberally construe submissions.  *Id.* at 12.

But, as we have already explained, this appeal is not about the proper interpretation of section 20.201, or VA's duty to liberally construe Mr. Edwards's submissions; instead, this appeal centers around VA's proper request for clarification and Mr. Edwards's blatant and inexplicable refusal to respond to VA's request.  Indeed, Mr. Edwards does not even attempt to refute the fact that section 20.201 provides that, "[i]f [the RO] gave notice that adjudicative determinations were made on several issues at the same time, [a claimant must identify] the specific determinations with which the claimant disagrees[.]"  *See* Applnt. Br. at 11 (quoting 38 C.F.R. § 20.201).  Mr. Edwards argues that, even if a veteran does not "list those issues," VA cannot request clarification or "invalidate" the NOD, and must, instead, assume that the veteran wishes to appeal all denied claims.  *Id.* at 12. This is a challenge to VA's application of subsections 19.26(b) and (c)(2), to request clarification and to reject his purported NOD because he ignored the request.  VA did not, however, abuse its discretion in applying its procedures provided in 19.26.

In any event, Mr. Edwards asks this Court to rewrite VA regulations to absolve a veteran of the simple responsibility to respond to VA, when it seeks clarification, by listing the claims with which he or she takes issue.  In essence, Mr.

Edwards would have this Court invalidate nearly one-half of section 20.201.   In support of his position, he merely references case law regarding VA's duty to sympathetically read a veteran's filings.  Applnt. Br. at 12-14 (citing, *e.g.*, *Collaro*, 136 F.3d at 1309-10; *Rivers*, 10 Vet. App. 469; *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004)).

     This Court has held that a broad NOD challenging an RO determination as to a certain claim captures the "radix" of issues underlying that claim.  *See, e.g.*, *Collaro*, 136 F.3d at 1309; *Comer*, 552 F.3d at 1367; *Maggitt*, 202 F.3d at 1375. This Court, however, has never gone so far as to excise the specificity requirements from section 20.201 to absolve a veteran of the responsibility to simply identify which of the multiple claims upon which the RO made determinations that the veteran wishes to appeal to the board.  *See Rivera v. Shinseki*, 654 F.3d 1377, 1381 (Fed. Cir. 2011) ("If the regional office addresses, for example, multiple claims in the same decision, it may be reasonable to expect the veteran to specify the particular denied claim that he seeks to appeal."); *Robinson*, 557 F.3d at 1359 (stating that "[t]he regulations require that the claimant identify issues appealed in the [NOD] only if the RO 'gave notice that adjudicative determinations were made on several issues at the same time.'") (citation omitted);

*see also Comer*, 552 F.3d at 1367 (holding that NOD covered TDIU because it is not a "free-standing" claim).

More importantly, this Court's precedents concerning VA's duty to sympathetically read a claimant's pleadings do not suggest that VA is precluded from engaging the claimant to discern whether and to what extent such pleadings present specific issues for decision by VA, or that a veteran is excused for refusing to cooperate in VA administrative proceedings. Again, VA has the ability to set administrative rules of procedures, *Vt. Yankee*, 435 U.S. at 543-44, and even *pro se* veterans must comply with those procedures. *See McNeil*, 508 U.S. at 113; *Henke*, 60 F.3d at 799.

Mr. Edwards further quotes (out of context) one clause of one sentence of the *Federal Register* notice promulgating 38 C.F.R. § 20.201, arguing that "in response to a comments objecting to the requirement that the issues with which disagreement is being expressed by identified, that it did not 'inten[d] to deprive anyone of his or her right to appeal.'" Applnt. Br. at 13 (quoting *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093).

Mr. Edwards, however, omits the remainder of VA's response to the comments. VA *also* emphasized that, although NODs should be liberally

construed, nonetheless, NODs *must* at least specify the determinations with which the veteran disagrees to initiate an appeal with the board. VA stated that "some indication which reasonable persons can construe as disagreement with a determination by an [RO] and a desire to appeal that determination is at the very heart of what constitutes a [NOD]." *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093. "Without such an expression, the communication may be something, but it is not [an NOD]." *Id.* Although "[n]ot much is required[,] . . . the communication must be recognizable as [an NOD]." *Id.* VA pointed out that important consequences flow from a NOD, that is, appellate review is initiated by a NOD, and that without a NOD, the board does not have jurisdiction over an issue. *Id*.

In light of concerns about the jurisdictional NOD procedural requirements, VA implemented section 19.26(b) to protect the veteran. VA determined:

> [A] Department of Veterans Benefits operational manual (M21-1, paragraph 18.03b) requires that *clarification sufficient to identify the issue being appealed be requested when a [NOD] is received following a multiple-issue determination and it is not clear which issue, or issues, the claimant desires to appeal*. VA strongly supports this policy and, in view of the concerns raised here, has made it applicable throughout VA by adding this requirement to § 19.26.

37

*Id.* (emphasis added). Yet nowhere does VA indicate that it does not consider NOD requirements jurisdictional. This Court should reject Mr. Edwards's attempt to misrepresent VA's intent in promulgating 38 C.F.R. §§ 20.201 and 19.26(b).

In addition, Mr. Edwards curiously argues that VA in fact admitted that his October 2007 letter sufficed to constitute a valid NOD. Mr. Edwards states that VA "agreed" that the document filed by his representative satisfies the requirement in 38 C.F.R. § 20.201 that a NOD "contain some indication which a reasonable person can construe as disagreement with a determination by an [RO] and a desire to appeal that determination." Applnt. Br. at 13-14 (quoting *Appeals Regulations; Rules of Practice*, 57 Fed. Reg. at 4,093). In support of his argument, Mr. Edwards cites the statement of the case prepared by the RO. *Id.*; JA53. Mr. Edwards, once again, requests that this Court review the Veterans Court's application of law to fact. In addition, Mr. Edwards ignores the remainder of section 20.201, duly noted and relied upon by the RO in the statement of the case, which requires a claimant to identify "the specific determinations with which the claimant disagrees." JA 54. VA stated unequivocally in the statement of the case that Mr. Edwards did not satisfy that portion of the regulation.

Finally, as a general matter, Mr. Edwards is entirely correct when he states that sections 19.26 and 20.201 serve to assist the veteran in developing his or her appeal to the board. *See* Applnt. Br. at 13-14. In this regard, the simple process established in 38 C.F.R. §§ 19.26(b), (c) and 20.201 serves an important role in ensuring the accurate and efficient processing of claims and appeals. Assuming the veteran cooperates, this process ensures that VA properly adjudicates each specific issue the claimant wishes to have adjudicated. As this Court has recognized, the question of whether a claimant's informal pleadings raise a particular issue for adjudication involves an inherently fact-specific inquiry. *See Robinson*, 557 F.3d at 1362; *Comer*, 552 F.3d at 1372. It would be highly unusual and inefficient to suggest that VA must simply speculate as to the claimant's intent when that factual matter can be resolved with ease and certainty through communication with the claimant.

Of note, VA receives more than one million benefit applications each year, and each application normally involves claims or issues pertaining to several distinct medical conditions. *See Focusing on People: A Review of VA's Plans for Employee Training, Accountability, and Workload Management to Improve Disability Claims Processing Before the H. Comm. On Veterans' Affairs*, 113th

Cong. 2, 7 (2013) (statement of Allison A. Hickey, Under Secretary for Benefits) (available at http://veterans.house.gov/witness-testimony/the-honorable-allison-hickey-0) (noting that "the average number of claimed issues for our recently separated Servicemembers is now in the 12 to 16 range").  Once VA receives a NOD that is specific as to the veteran's intention to appeal and determinations with which he or she disagrees, VA must reexamine the claim, determine whether additional review or development is warranted, and issue a statement of the case, which must include:  (1) a summary of the evidence pertinent to the issue or issues with which disagreement has been expressed; (2) citation to pertinent laws and regulations; (3) a discussion of how the laws and regulations affect the RO's decision; and (4) a decision on each issue and a summary of the reasons for the decision.  38 C.F.R. § 19.26(d); 38 U.S.C. § 7105(d)(1).  Reexamination, additional review, development, and preparation of a statement of the case on issues that a claimant has not clearly identified or that a veteran may not in fact wish to appeal, would divert VA adjudication resources to potentially unnecessary and unwanted actions and would unfairly delay adjudication of other veterans' claims and appeals.

For example, in the instant case, if VA had interpreted Mr. Edwards's NOD as his claims agent argued before the Veterans Court, VA would have been required to prepare a statement of the case on three issues with which – in his appeal before this Court – he now indicates he does not in fact disagree, *i.e.*, the increased rating for PTSD, the effective date for the increased rating, and the TDIU award.  If VA were to engage in such unnecessary appeal processing in hundreds or thousands of cases each year, the cumulative effect could create significant system-wide delays.  This is untenable, particularly in light of the fact that a veteran can quickly and easily list the challenged determinations and, indeed, is even given a second chance to clarify his or her appeal if the veteran neglects initially to do so.  *Cf. Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (providing for the threefold due process inquiry requiring the balancing of "the private interest that will be affected by the official action"; "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards"; and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.") (citation omitted).

The present case is atypical in that Mr. Edwards's representative chose to respond to the RO's letter with "intransigence" rather than taking the simple, non-burdensome step of providing the requested clarification about the "specific determinations" with which he disagreed.  JA4, 45-46.  That circumstance, which was entirely within Mr. Edwards's control, may distinguish this case factually from nearly all others, but does not show that the Veterans Court misinterpreted 38 C.F.R. § 20.201 or this Court's precedents.  Mr. Edwards's invocation of this Court's precedents concerning VA's duty to sympathetically read a claimant's filings is unavailing where he himself frustrated VA's efforts under its regulations to identify the issue he wished to pursue upon appeal.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this appeal.  If the Court finds that it has jurisdiction, it should affirm the Veterans Court's decision.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

/s/ Martin F. Hockey, Jr.

DAVID J. BARRANS
Deputy Assistant General
Counsel

MARTIN F. HOCKEY, JR.
Assistant Director

/s/ Melissa M. Devine

MARTIE ADELMAN
Attorney
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420

MELISSA M. DEVINE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0341
Fax: (202) 514-8624
Email: melissa.m.devine@usdoj.gov

July 1, 2013

Attorneys for Respondent-Appellee

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. Cir. R. 32(a)(7)(C), that this brief contains 8,927 words, excluding the table of contents, table of authorities, statement of related cases, certificate of service, and any certifications of counsel, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Melissa M. Devine
MELISSA M. DEVINE

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _____ day of

_____, _____, a copy of the foregoing

_____

was filed electronically.

_____ This filing was served electronically to all parties by operation of the Court's

electronic filing system.

_____

_____ A copy of this filing was served via:

      _____ hand delivery

      _____ mail

      _____ third-party commercial carrier for delivery within 3 days

      _____ electronic means, with the written consent of the party being served

To the following address:

_____